REQUESTED BY: Dear Senator Johnson:
You have asked that we respond to certain questions regarding the proposed amendments to LB 285 appearing in the Legislative Journal, pp. 1159, et seq., Eighty-sixth Legislature, First Session, 1979.
In your first question you in part ask: If two school districts merge and form a new district, would the combined receipts for the fiscal year following merger be the budget base? We believe a negative answer to your question is required. The specific issue which you address within question 1 is not addressed in the amendments contained in the Legislative Journal, pp. 1159, et seq. The creation of a new subdivision of government with taxing authority is not considered. There is no base budget defined for the creation of a new entity.
The second part of your question is whether or not, under the authority granted to the State Auditor, rules and regulations could be adopted to take care of this situation. Generally, where statutes require the adoption of rules and regulations by executive officers specific guidelines must be set by the Legislature. No such standards are set out in the amendment. We suggest you consult our opinion to Senator Carstens of this date for a further discussion of this point.
In your second question you ask whether a merger of a smaller into a larger district will allow the combination of the budgets of the two districts. You point out that section 15 of the amendments on page 1641 allows a political subdivision acquiring increased taxing authority to increase the receipts during the first year above the base budget. In answer to the first part of your question, the same considerations apply as in your first question. However, under section 16 of the proposed amendments on page 1162, line 3, et seq., political subdivisions, and specifically schools, are allowed to increase their budget by an amount equal to the increase in student population occurring in any one year. It would seem probable that if a merger occurs of a smaller school district into a larger school district, there will be an increase in student population. That would allow some flexibility in the increase allowed under the limitation imposed by the proposed amendments. We do not know whether or not that increase would be of the same magnitude as a simple combination of the budget bases of the two school districts. In any event, the question is simply not addressed in this amendment, or any other statutory scheme that we are aware of.
In the second part of this question you refer to subsection 15 which in part provides:
 "Any political subdivision that is authorized by state law to levy a tax or cause a tax to be levied, which tax or portion thereof is in addition to the tax such political subdivision is authorized to levy or cause to be levied on the effective date of this act, shall not include as a receipt from local tax sources the anticipated receipts from such newly authorized levy during the first fiscal year for which such newly authorized levy generates tax receipts, . . ."
However, the consolidation of school districts or the merger of school districts or the creation of new school districts does not increase the authority of the school district as a political subdivision to levy tax. Specifically, school districts have an established limitation or lack thereof under state law. The exact district boundaries and the alteration of those boundaries does not change the preexisting authority. The authority preexisting, therefore, would apply. Generally the aggregate school tax levied for general school purposes for Class III, IV, and V school districts are without restriction. See sections 79-432 and79-1007.01, R.R.S. 1943. Class I and II districts have a 12 mill limit. See section 79-432, R.R.S. 1943. Class VI school districts provide high school education in special circumstances and are limited in their expenses. While a Class I or II district merging with a III, IV or V district would then be able to exceed their mill limit, they as an entity have ceased to exist.
The change would alter the tax base not the authority to levy of the larger district. The remaining district always had the ability to levy a higher tax.
Thus, in our view, section 15 would be inapplicable. We do not read that portion of section 15 which says `. . . which tax . . . is in addition to the tax such political subdivision is authorized to levy . . . on the effective date of this act' to mean that a political subdivision such as a school which has changed it character is in a new situation with respect to the application of the limitation provided in the act. Rather, we believe that the section must be read to comprehend action by the Legislature to increase the authorized tax levy of the particular type of subdivision rather than as a situation in which a permutation of preexisting subdivisions into a new or different subdivision occurs.
In your third question you ask whether a merger of a Class I district into a higher district which provides high school education for Class I students would authorize the larger district to recoup the tuition money previously paid. We find no provision in the bill which would authorize such recoupment. We believe the analysis applicable to your previous questions is also applicable to this question.
In your fourth question you ask about the creation of a new political subdivision. The creation of a new political subdivision is simply not contemplated by the amendments proposed to LB 285. We believe that the creation of a new political subdivision would require specific authorization by the Legislature as to the budget requirement for the first year of operation. While a court faced with such problems might imply authority to tax unrestricted the first year, the Legislature should make clear such authority either in the limitation legislation or the legislation creating the new entity.